OPINION
{¶ 1} Plaintiff-appellant Glee Smith appeals from the December 30, 2002, Decision, the January 2, 2003, Amended Decision, and the March 21, 2003, Judgment Entry and Decree of Divorce of the Muskingum County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Glee Smith and appellee John Smith were married on December 29, 1968. On March 13, 2001, appellant filed a complaint for divorce against appellee in the Muskingum County Court of Common Pleas, Domestic Relations Division. After appellee filed an answer and counterclaim, the matter proceeded to trial before a Magistrate on January 14, 2002.
 {¶ 3} At dispute in the case sub judice is the status of two parcels of real estate. While one of the parcels consists of approximately 182 acres in Glenford, Ohio, the other parcel consists of approximately 201 acres on State Route 204 in Mt. Perry. The parties, at trial, agreed that their principal dispute concerned whether the two parcels were separate or marital property.
 {¶ 4} At the trial in this matter, testimony was adduced that appellee's father owned a 437 acre farm. After his father died when appellee was fourteen years old, appellee, his mother and his brother inherited the farm. In 1994, appellee began conducting some 1031 tax-free exchanges[1] on his portion of the inheritance. In three separate 1031 transactions, appellee exchanged his portion of the farm for three separate parcels of real estate. In addition to the two parcels mentioned above, the third parcel is a 50 acre farm located in Roseville, Ohio.
 {¶ 5} The closing for the property located on State Route 204 in Mt. Perry occurred in May of 1994. The deed to such property, which was prepared by appellee's attorney, was placed in both appellee's and appellant's names. When asked whether she had a discussion with appellee prior to the closing for such property about the ownership of this parcel of real estate, appellant responded that "[w]e didn't talk about ownership . . ." Transcript at 18. According to appellant, appellee called his attorney on the day prior to the closing and told his attorney that he wanted to "get this finalized" and to put the parcel in both of their names. Transcript at 18. Appellant further testified that, at the real estate closing, she asked appellee before signing the papers if he was sure that he wanted to put appellant's name on the deed. Appellant testified that appellee answered affirmatively. Both parties signed a note[2] to Farm Credit Services that was secured by a mortgage on the Mt. Perry property.
 {¶ 6} At the trial, testimony was also adduced that the 182 acres in Glenford was part of the 1031 exchange and that the September 8, 1994, deed to the same,[3] which was prepared by appellee's attorney also was put in both appellee's and appellant's names. The following testimony was adduced when appellant was asked whether she ever had a discussion with appellee about putting the property in both of their names:
 {¶ 7} "A. About putting it in both names?
 {¶ 8} "Q. (Nods affirmatively.)
 {¶ 9} "A. No, I don't recall ever discussing having it put in both names, no.
 {¶ 10} "Q. Okay. Did he ever tell you that it was his intention that that was his separate property, or his belief that that was his separate property?
 {¶ 11} "A. No. No.
 {¶ 12} "Q. Did he always treat it as joint property?
 {¶ 13} "A. Treated it as joint property, talked about it as ours." Transcript at 23.
 {¶ 14} The June 28, 1994, deed to the third parcel, which is the 50 acre farm in Roseville, Ohio, was only in appellee's name. At the closing for such parcel, appellant "made the comment that it was just in [appellee's] name," but never asked appellee why. Transcript at 24. Appellant testified that appellee never told her that any of the three parcels was his separate property but rather that he "always made me feel like they were ours." Transcript at 28-29.
 {¶ 15} During cross-examination, appellant testified that, "to this day", she had no idea why her name was placed on the two deeds and that she assumed that the deeds were put in both of their names because they were married. Transcript at 48-49, 70. Appellant also testified that while appellee told his attorney to put appellant's name on the first deed to the 201 acres on State Route 204 in Mt. Perry, "[w]e never discussed putting it on any other deed." Transcript at 50. Appellant further admitted that appellee never told appellant that appellee was giving her a one half interest in the 201 acres and that the two of them never discussed why her name was placed on the two deeds.
 {¶ 16} At trial, appellee testified that he never told anyone how the three properties that were subject to 1031 exchanges were to be deeded and that he never told his attorney, who prepared the deeds, to put only his name or both his and appellant's name on any of the deeds. The following testimony was adduced when appellee was asked whether it was his intention to give appellant a one half interest in any of the three 1031 properties:
 {¶ 17} "A. No.
 {¶ 18} "Q. Was there ever a discussion between you and her about giving her a half interest in either one of these properties?
 {¶ 19} "A. No. Transcript at 84.
 {¶ 20} Appellee further testified that he did not pay much attention to whose names were on the deeds since he "just wanted to get the deal done." Transcript at 85.
 {¶ 21} Pursuant to a Magistrate's Decision filed on April 8, 2002, the Magistrate concluded that the two parcels that were placed in both parties' names were marital property rather than appellee's separate property. Subsequently, appellee filed objections to the Magistrate's Decision, arguing that the two parcels were his separate property. As memorialized in a Decision filed on December 30, 2002, the trial court stated as follows:
 {¶ 22} "The Court upon review of the evidence presented finds that the plaintiff [appellant] did not by clear and convincing evidence show a donative intent on the part of the defendant [appellee] when the plaintiff's [appellant's] name was placed on the two parcels of land in question. Therefore this Court modifies the magistrate's decision to state that these two parcels are now marital property and are therefore the sole property of the defendant [appellee]. All other aspects of the magistrate's decision are affirmed."
 {¶ 23} An Amended Decision was filed on January 2, 2003, changing the word "now" underlined above to "non". Thereafter, A Judgment Entry and Decree of Divorce was filed on March 21, 2003.
 {¶ 24} Appellant filed a Notice of Appeal from the December 30, 2002, Decision and the January 2, 2003, Amended Decision (Case No.CT2003-0008) and a separate Notice of Appeal from the March 21, 2003, Judgment Entry and Decree of Divorce (Case No. CT2003-0020). Pursuant to a Judgment Entry filed on June 26, 2003, this Court granted appellant's motion to consolidate the two cases.
 {¶ 25} Appellant now raises the following assignment of error on appeal:
 {¶ 26} "Separate real property is converted into marital property by transmutation when it is deeded in both names and the evidence establishes a present intention to gift an interest in it to the other spouse."
 I {¶ 27} Appellant, in her sole assignment of error, argues that the trial court erred in holding that the 183 acres in Glenford, Ohio and the 201 acres on State Route 204 in Mt. Perry were appellee's separate property rather than marital property. We disagree.
 {¶ 28} In the case sub judice, there is no dispute that appellee exchanged his separate, premarital[4] property for the two parcels of real estate. As is stated above, appellee exchanged his portion of his inheritance of the family farm for the Glenford and State Route 204 properties. Thus, the issue becomes whether appellee, through his actions, converted such separate property into marital property.
 {¶ 29} A spouse can convert separate property into marital property by making an inter vivos gift to his or her spouse.Helton v. Helton (1996), 114 Ohio App.3d 683, 685,683 N.E.2d 1157, 1159. To prove that an inter vivos gift has been made, the following elements are required:
 {¶ 30} "(1) an intention on the part of the donor [husband] to transfer the title and right of possession of the particular property to the donee [wife] then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it." Id. at 685-686.
 {¶ 31} "The donee has the burden of showing by clear and convincing evidence that the donor made an inter vivos gift." Id. at 686.[5] Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 32} Thus, the issue becomes whether appellee had the requisite donative intent to transfer a possessory interest in the two properties to appellant. While both parties' names appear on the deeds for the Glenford and State Route 204 properties, such fact is not determinative of whether the property is marital or separate property. See R.C. § 3105.171(H)[6] andMcFarland v. McFarland (Sept. 19, 1994), Richland App. No. 94-CA-12. However, such evidence may be considered on the issue of whether the property is marital or separate. Id.
 {¶ 33} At the trial in this matter, appellee testified that he never intended to give appellant a one half interest in the two subject properties, that he never told anyone how to deed the property, and that he never directed his attorney to put only his own name or both names on the deeds. Appellant herself testified that she did not have any discussions with appellant about the ownership of the two parcels and that appellant never told her why he was putting her name on the two deeds. When questioned, appellant testified that appellee never indicated to appellant that appellee was giving appellant a half interest in the subject property.[7]
 {¶ 34} In short, we concur with the trial court that appellant "did not by clear and convincing evidence show a donative intent" on the part of appellee when appellant's name was placed on the two deeds in question. We find, therefore, that the trial court did not err in holding that the properties in Glenford, Ohio, and on State Route 204 in Mt. Perry were appellee's separate property rather than marital property.
 {¶ 35} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 36} Accordingly, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.
Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] In 1031 exchanges, real property is exchanged for real property.
[2] The note was for approximately $119,000.00.
[3] The closing for such property occurred on a different date than the closing for the State Route 204 property.
[4] As is stated above, appellee was fourteen years old when his father died.
[5] The parties, at the oral hearing in this matter, agreed that the clear and convincing evidence standard applies.
[6] R.C. 3105.171(H) states that "[e]xcept as otherwise provided in this section, the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property."
[7] In contrast, in Helton, supra., the wife testified that her husband told her that he wanted her to have a half interest in the subject property.